**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEE XU, on Behalf of Himself And All Others Similarly Situated, <br><br> Plaintiff, <br><br> -against- <br><br> DIREXION SHARES ETF TRUST, RAFFERTY ASSET MANAGEMENT, LLC, DIREXION FAMILY OF INVESTMENT COMPANIES, DANIEL O'NEILL, DANIEL J. BYRNE, GERALD E. SHANLEY III, JACOB C. GAFFEY, PATRICK J. RUDNICK, ANGELA BRICKL, TODD KELLERMAN, PAUL BRIGANDI, TONY NG, MICHAEL RAFFERTY, KATHLEEN RAFFERTY HAY, U.S. BANCORP FUND SERVICES, LLC, FORESIDE FUND SERVICES, LLC, DIREXION ADVISORS, LLC, <br><br> Defendants. | Case No. 1:22-cv-5090 (VEC) (RWL) <br><br> Oral Argument Requested |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISQUALIFY PLAINTIFF LEE XU FROM SERVING AS
CLASS COUNSEL**

## <u>TABLE OF CONTENTS</u>

**Page**

BACKGROUND ................................................................................................................. 2

ARGUMENT ..................................................................................................................... 5

   I.   LEGAL STANDARD FOR DISQUALIFICATION OF COUNSEL ................................. 5

   II.  MR. XU IS NOT ADEQUATE TO SERVE AS CLASS COUNSEL BECAUSE HE HAS AN INHERENT CONFLICT OF INTEREST THAT UNDERMINES THE INTERESTS OF THE PUTATIVE CLASS ................................................................................. 8

   III.  MR. XU IS NOT ADEQUATE TO SERVE AS CLASS COUNSEL FOR THE INDEPENDENTLY SUFFICIENT REASON THAT HE LACKS THE REQUISITE EXPERIENCE AND QUALIFICATIONS ...................................................... 11

   IV.  THE COURT SHOULD NOT DELAY IN DISQUALIFYING MR. XU FROM SERVING AS CLASS COUNSEL ......................................................................... 14

CONCLUSION ................................................................................................................ 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. City of N.Y.*,
    No. 16-cv-2583, 2017 WL 4382163 (S.D.N.Y. Sept. 29, 2017) ........................................2, 15

*Chapman v. U.S. Dep't of Just.*,
    558 F. Supp. 3d 45 (E.D.N.Y. 2021) ........................................................................................8

*Cresswell v. Sullivan & Cromwell*,
    922 F.2d 60 (2d Cir. 1990)...............................................................................................7, 14

*Friedman-Katz v. Lindt & Sprungli (USA), Inc.*,
    270 F.R.D. 150 (S.D.N.Y. 2010) ...........................................................................................11

*Galloway v. Cnty. of Nassau*,
    No. 19-cv-5026, 2022 WL 681065 (E.D.N.Y. Mar. 7, 2022)...............................................7, 9

*Garcia De Leon v. New York Univ.*,
    No. 21-cv-05005, 2022 WL 2237452 (S.D.N.Y. June 22, 2022) ......................................6, 12

*Garcia v. City of New York*,
    No. 15-cv-7470, 2017 WL 1169640 (S.D.N.Y. Mar. 28, 2017)...............................................8

*GB v. Town of Hempstead*,
    No. 17-cv-6625, 2019 WL 3330243 (E.D.N.Y. May 1, 2019)..............................................7, 9

*Hansen v. Ferrellgas Partners, L.P.*,
    No. 16-cv-7840, 2017 WL 281742 (S.D.N.Y. Jan. 19, 2017) .................................................7

*Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*,
    409 F.3d 127 (2d Cir. 2005).................................................................................7, 8, 10, 14

*Huang v. Shanghai City Corp*,
    No. 19-cv-7702, 2022 WL 1468450 (S.D.N.Y. May 10, 2022) .............................................13

*Hull v. Celanese Corp.*,
    513 F.2d 568 (2d Cir. 1975)....................................................................................................8

*Iannaccone v. Law*,
    142 F.3d 553 (2d Cir. 1998)....................................................................................................8

*Iron Workers Loc. No. 25 Pension Fund v. Credit-Based Asset Servicing &*
    *Securitization, LLC*,
    616 F. Supp. 2d 461 (S.D.N.Y. 2009)......................................................................................7

*Jaffe v. Capital One Bank*,
  No. 09-cv-4106, 2010 WL 691639 (S.D.N.Y. Mar. 1, 2010) .........................................8, 9, 10

*Jin v. Shanghai Original, Inc.*,
  990 F.3d 251 (2d Cir. 2021) ..........................................................................................5

*Jin v. Shanghai Original, Inc.*,
  No. 16-cv-5633, 2019 WL 11816612 (E.D.N.Y. July 10, 2019) ...........................................13

*Kimber v. Tallon*,
  556 F. App'x 27 (2d Cir. 2014) ...................................................................................5, 11

*King v. Livent, Inc.*,
  36 F. Supp. 2d 187 (S.D.N.Y. 1999) ..........................................................................13, 14

*Kulig v. Midland Funding, LLC*,
  No. 13-cv-4175, 2014 WL 5017817 (S.D.N.Y. Sept. 26, 2014) ...................................6, 9, 10

*Matassarin v. Lynch*,
  174 F.3d 549 (5th Cir. 1999) .......................................................................................9

*Mura v. Thomas*,
  No. 19-cv-8699, 2020 WL 2086039 (S.D.N.Y. Apr. 30, 2020) ..............................7, 8, 10, 14

*NYSE Specialists Sec. Litig.*,
  240 F.R.D. 128 (S.D.N.Y. 2007) .................................................................................15

*Okla. Firefighters Pension & Ret. Sys. v. Peabody Energy Corp.*,
  No. 20-cv-8024, 2021 WL 100491 (S.D.N.Y. Jan. 12, 2021) ........................................1, 6, 10

*Pridgen v. Andresen*,
  113 F.3d 391 (2d Cir. 1997)..........................................................................................8

*Rodriguez v. Eastman Kodak Co.*,
  88 Fed. App'x 470 (2d Cir. 2004)...................................................................................9

*Rombach v. Chang*,
  355 F.3d 164 (2d Cir. 2004)........................................................................................13

*Savino v. Computer Credit, Inc.*,
  164 F.3d 81 (2d Cir. 1998)..........................................................................................11

*In re SLM Corp. Sec. Litig.*,
  258 F.R.D. 112 (S.D.N.Y. 2009) ..................................................................................14

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007)...................................................................................................13

*Trebor Sportswear Co. Inc. v. The Ltd. Stores, Inc.*,
   865 F.2d 506 (2d Cir. 1989)........................................................................4

*TufAmerica, Inc. v. Codigo Music LLC*,
   No. 11-cv-1434, 2013 WL 1903867 (S.D.N.Y. May 7, 2013) ...........................................2, 15

*United States v. Prevezon Holdings Ltd.*,
   839 F.3d 227 (2d Cir. 2016)........................................................................7

*United States v. Schwarz*,
   283 F.3d 76 (2d Cir. 2002)........................................................................8

*Walker v. Merrill Lynch & Co.*,
   181 F. Supp. 3d 223 (S.D.N.Y 2016)........................................................................8

**Statutes**

15 U.S.C. § 77m ........................................................................12

15 U.S.C. § 77z-1 ........................................................................3, 6

15 U.S.C. § 78u-4 ........................................................................ *passim*

**Rules**

Fed. R. Civ. P. 9(b) ........................................................................13

Fed. R. Civ. P. 23 ........................................................................ *passim*

Fed. R. Evid. 408(b) ........................................................................4

N.Y. R. Prof. Conduct 1.7(a) ........................................................................9

Pursuant to Fed. R. Civ. P. 23(g) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), defendants Direxion Shares ETF Trust, Rafferty Asset Management, LLC, Direxion Family of Investment Companies, Daniel O'Neill, Daniel J. Byrne, Gerald E. Shanley III, Jacob C. Gaffey, Patrick J. Rudnick, Angela Brickl, Todd Kellerman, Paul Brigandi, Tony Ng, Michael Rafferty, Kathleen Rafferty Hay, Direxion Advisors, LLC, U.S. Bancorp Fund Services, LLC, and Foreside Fund Services, LLC (collectively, "Defendants") hereby move the Court to disqualify plaintiff Lee Xu ("Mr. Xu") from serving as class counsel in the above-captioned putative class action.

In a federal securities class action, class counsel is "subject to the approval of the court," 15 U.S.C. § 78u-4(a)(3)(B)(v), and must, among other things, be qualified to "fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(4); *see also Okla. Firefighters Pension & Ret. Sys. v. Peabody Energy Corp.*, No. 20-cv-8024, 2021 WL 100491, at *2 (S.D.N.Y. Jan. 12, 2021) ("The Court has discretion to reject the choice of counsel when it is necessary to protect the best interests of the class.").  As explained below, Mr. Xu – who filed the present lawsuit and seeks to serve as both lead plaintiff *and* class counsel – does not meet the threshold requirements for continuing as class counsel.  Courts have routinely declined to allow *pro se* plaintiffs to act as class counsel in light of the conflicts of interest the dual role creates.  Further, Mr. Xu has already amply demonstrated his inadequacy to serve as class counsel, first by making an improper settlement demand solely for his own benefit (showing no regard for the interests of the class), and then by failing to comply with even the most basic pleading and procedural requirements in initiating this action (demonstrating his lack of experience in securities litigation).

Accordingly, while there also are sufficient grounds to dispose of Mr. Xu's complaint on a motion to dismiss pursuant to Rule 12(b)(6), disqualification is appropriate and warranted at this

stage in the litigation to protect the interests of the class and to preserve judicial and party resources.  *See TufAmerica, Inc. v. Codigo Music LLC*, No. 11-cv-1434, 2013 WL 1903867, at *6 (S.D.N.Y. May 7, 2013) ("Attorneys are expected to bring what they genuinely believe are serious issues of disqualification arising during litigation to the tribunal's attention promptly for adjudication." (internal quotation omitted)); *Anderson v. City of N.Y.*, No. 16-cv-2583, 2017 WL 4382163, at *4 (S.D.N.Y. Sept. 29, 2017) ("It is well settled in this Circuit that a motion to disqualify should be made within a reasonable time of discovering a possible conflict of interest, or a waiver will be presumed." (internal quotation and alterations omitted)).  There is simply no reason to proceed with costly litigation unless and until at least *potentially* qualified class counsel comes forward to express interest in pursuing claims.  Especially in the class context, it is not in the putative class's interest to proceed to the next stages of this litigation with conflicted and inexperienced counsel at the helm, when it is already apparent that Mr. Xu *cannot* ultimately be approved as class counsel under Rule 23(g) and the PSLRA.

## BACKGROUND

On June 16, 2022, Mr. Xu filed this action asserting claims under the federal securities laws, including alleged violations of Sections 11 and 15 of the Securities Act of 1933, as amended (the "Securities Act"), Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 thereunder, as well as violations of Sections 9(a)(2), 9(f), 18(a), and 20A of the Exchange Act.  As plaintiff, Mr. Xu purports to bring this class action on behalf of investors who "purchased, invested or otherwise acquired shares" in the Direxion Daily Gold Miners Index Bull 2X Shares ("NUGT"), Daily Junior Gold Miners Index Bull 2X Shares ("JNUG"), and "other Direxion leveraged ETFs, 3X or 2X actively managed exchange-traded

funds" offered by Direxion Shares ETF Trust (the "Trust").[1]  *See* Compl. ¶ 1.  NUGT and JNUG are exchange-traded funds ("ETFs") that seek daily leveraged investment objectives tied to the daily performance of swap agreements, futures contracts, and other financial instruments that track benchmark indices made up of companies involved in mining for gold and silver.

In pursuing this putative class action lawsuit pursuant to the Securities Act and Exchange Act, Mr. Xu was required to comply with certain statutory requirements in the PSLRA.  Among other things, the PSLRA requires that the plaintiff publish a notice to members of the purported class within 20 days of filing suit advising them of their right to file a motion seeking to serve as lead plaintiff in place of the original plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i) ("Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class."); *see also* 15 U.S.C. § 77z-1(a)(3)(A)(i).  Yet, after filing the present action on June 16, 2022, Mr. Xu failed to comply with this statutory mandate.  Mr. Xu did not publish a notice of his lawsuit to other potential class members by the July 6, 2022 deadline.  *See* Affidavit of Amy D. Roy ("Roy Aff.") ¶ 2.  On July 22, 2022 – 16 days after the deadline had already passed – Mr. Xu requested a "brief extension" to allow him to publish the notice by July 29, 2022.  *See* ECF No. 72.  On July 26, 2022, notwithstanding the fact that the Court had yet to

---

[1] Although Mr. Xu claims to have purchased shares of four Direxion ETFs, *see* Compl. ¶ 28, the certification filed with his complaint fails to identify any purchases in at least two of the funds and identifies purchases and sales in the two other funds outside the asserted class periods, *see* Compl., Sched. A.

rule on his request, Mr. Xu published notice of the lawsuit, contending that class members may move to serve as lead plaintiff through September 26, 2022. *See* Roy Aff. ¶ 2. On July 27, 2022, the Court denied Mr. Xu's request for failing to comply with the Court's Individual Practices in Civil Cases. *See* ECF No. 73. On July 29, 2022, after seeking and obtaining consent from Defendants, Mr. Xu filed another letter requesting a further extension of the time to publish the PSLRA notice through August 5, 2022. *See* ECF No. 76.

Rather than abide by the statutorily mandated procedures, Mr. Xu apparently seeks to use the present lawsuit to extract a settlement from Defendants. Last year, on June 28, 2021, Mr. Xu sent a draft class action complaint to certain defendants. *See* Brickl Aff. ¶ 2. The draft complaint purported to name all of the defendants in the instant action and assert similar allegations and claims as the instant action, also relating to Mr. Xu's alleged investments in ETFs offered by the Trust and managed by Direxion Advisors, LLC ("Direxion"). *See id.* On June 30, 2021, Mr. Xu had a telephone conversation with Direxion's general counsel, during which he threatened to file a lawsuit on behalf of a purported class of investors, demanded $1 billion in exchange for his agreement not to file the draft complaint, and threatened to alert the media about his claims. *See id.* ¶ 3.[2] Thereafter, Direxion's outside counsel from K&L Gates LLP, had several conversations with Mr. Xu between July 6, 2021 and August 12, 2021. *See id.* ¶¶ 4-6. In those conversations,

---

[2] Defendants are not seeking to admit the parties' prior discussions as evidence of an admission of the validity or invalidity of the claim, but rather to aid in the Court's determination as to whether Mr. Xu can fairly and adequately serve as class counsel, rendering the communications beyond the scope of Rule 408. *See Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 510 (2d Cir. 1989) ("Evidence of an offer to compromise, though otherwise barred by Rule 408, can fall outside the Rule if it is offered for 'another purpose,' *i.e.,* for a purpose other than to prove or disprove the validity of the claims that the offers were meant to settle."); *see* Fed. R. Evid. 408(b) ("The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.").

Mr. Xu reduced his settlement demand to $500 million and made express that he intended to keep the entire settlement payment for himself. *See id.* ¶ 6. Whether Mr. Xu fails to understand he has duties to the class he purports to represent or intends to enrich himself at the putative class's expense is unclear.

## ARGUMENT

Pursuant to Rule 23(g), the PSLRA, and the Court's inherent authority to supervise counsel, the Court should disqualify Mr. Xu from serving as class counsel in this putative federal securities class action. As explained below, disqualifying Mr. Xu is necessary to protect the interests of the putative class – thereby avoiding potential conflicts of interest between the putative class and class counsel, and ensuring that class counsel is adequately qualified and experienced. Doing so at this early stage of the case also serves the interests of preserving judicial and party resources, by ensuring that litigation will not proceed in the absence of potentially qualified class counsel willing to represent the putative class.

## I.    LEGAL STANDARD FOR DISQUALIFICATION OF COUNSEL

*First*, Rule 23(g) mandates that "[c]lass counsel must fairly and adequately represent the interests of the class," *see* Fed. R. Civ. P. 23(g)(4), with "skilled and zealous representation," *Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 263 (2d Cir. 2021). In this regard, courts evaluate the adequacy of class counsel based on "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *see also Kimber v. Tallon*, 556 F. App'x 27, 28 (2d Cir. 2014) (finding district court abused its discretion in appointing class counsel without "address[ing] the mandatory factors set forth in Fed. R. Civ. P. 23(g)"). The Court also "may consider any other matter pertinent to

counsel's ability to fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(1)(B), including potential conflicts of interest between class counsel and the class that they seek to represent. *See Kulig v. Midland Funding, LLC*, No. 13-cv-4175, 2014 WL 5017817, at *3 (S.D.N.Y. Sept. 26, 2014) (deeming class counsel inadequate where "[m]isconduct by class counsel . . . creates a serious doubt that counsel will represent the class loyally"). Given that "class counsel seeks to determine the rights of absent putative class members, a court must carefully scrutinize the adequacy of representation" and "the honesty and integrity of the putative class counsel" to determine whether "class counsel is qualified, experienced, and generally able to conduct the litigation." *Garcia De Leon v. New York Univ.*, No. 21-cv-05005, 2022 WL 2237452, at *15 (S.D.N.Y. June 22, 2022). Thus, in *Garcia De Leon*, the Court found class counsel inadequate because, among other things, counsel was "entirely lacking in experience" as class counsel, the complaint "contain[ed] numerous deficiencies," the firm was "unknown," the complaint "conveniently failed to plead . . . a critically important fact," and "counsel flouted their discovery obligations and evidenced a clear disregard for their responsibilities to the proposed putative class." *See id.* at *16.

*Second*, the PSLRA states that a plaintiff's selection and retention of class counsel is "subject to the approval of the court" in putative class actions brought pursuant to the Securities Act and the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, *subject to the approval of the court*, select and retain counsel to represent the class." (emphasis added)); 15 U.S.C. § 77z-1(a)(3)(B)(v) (same). In other words, "[t]he Court has discretion to reject the choice of counsel when it is necessary to protect the best interests of the class," and "[i]n deciding whether to approve proposed lead counsel, courts look principally to counsel's experience." *Okla. Firefighters*, 2021 WL 100491, at *2 (approving class counsel with "extensive

experience in litigating shareholder class actions and [that] ha[d] been lead counsel in actions that have settled for hundreds of millions of dollars"); *see also Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840, 2017 WL 281742, at *6 (S.D.N.Y. Jan. 19, 2017) (noting that "the district court may reject the lead plaintiff's choice of counsel if necessary to protect the interests of the class, such as where the proposed counsel is inadequately experienced or where the lead plaintiff's proposal would otherwise lead to inefficiency" and approving counsel who demonstrated "extensive experience in litigation of this nature" (citation omitted)); *Iron Workers Loc. No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*, 616 F. Supp. 2d 461, 467 (S.D.N.Y. 2009) (appointing a single law firm to represent the lead plaintiff, despite lead plaintiff seeking to retain two law firms, as "only the former is experienced in securities class actions").

*Third*, "[t]he authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016) (quoting *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005)).  A decision on a motion to disqualify is "a matter committed to the sound discretion of the district court." *Mura v. Thomas*, No. 19-cv-8699, 2020 WL 2086039, *3, *6 (S.D.N.Y. Apr. 30, 2020) (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)) (finding that counsel's "direct involvement in the underlying facts of th[e] case" and resulting "financial interest" warranted disqualification).  "The court's analysis may be informed by the disciplinary rules governing lawyers in New York, or the standards set by the American Bar Association." *Galloway v. Cnty. of Nassau*, No. 19-cv-5026, 2022 WL 681065, at *3 (E.D.N.Y. Mar. 7, 2022) (internal quotation omitted).  As relevant here, "[i]n deciding whether to exercise its discretion and disqualify counsel, the Court must determine whether the attorney suffers from an actual or potential conflict of interest," *GB v. Town of Hempstead*, No. 17-cv-6625, 2019 WL

3330243, at *3 (E.D.N.Y. May 1, 2019), *report and recommendation adopted*, 2019 WL 2560150 (E.D.N.Y. June 21, 2019), and disqualification is appropriate "where an attorney's conflict of interests undermines the court's confidence in the vigor of the attorney's representation of his client," *Mura*, 2020 WL 2086039, at *6 (citation omitted).   In "determining whether disqualification of counsel is appropriate, the Court must 'balance a client's right freely to choose his [or her] counsel against the need to maintain the highest standard of the profession.'" *Mura*, 2020 WL 2086039, at *4 (quoting *Hempstead Video*, 409 F.3d at 132).  Importantly, "the Court is directed to resolve any doubts in favor of disqualification." *Id.* (citing *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975)).

## II.     MR. XU IS NOT ADEQUATE TO SERVE AS CLASS COUNSEL BECAUSE HE HAS AN INHERENT CONFLICT OF INTEREST THAT UNDERMINES THE INTERESTS OF THE PUTATIVE CLASS

As a threshold matter, Mr. Xu's effort to serve as both lead plaintiff and class counsel presents a conflict of interest that requires his disqualification as counsel. *See, e.g.*, *Mura*, 2020 WL 2086039, at *6–7; *Hempstead Video*, 409 F.3d at 132.  "It is well settled law that a *pro se* plaintiff may not represent the interests of third parties." *Jaffe v. Capital One Bank*, No. 09-cv-4106, 2010 WL 691639, at *10 (S.D.N.Y. Mar. 1, 2010) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (estate administrator could not proceed on behalf of estate *pro se*)); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (holding that a representative of an estate may not proceed *pro se* in an action by the estate where the estate has beneficiaries or creditors other than the representative)); *see also Walker v. Merrill Lynch & Co.*, 181 F. Supp. 3d 223, 236 n.5 (S.D.N.Y 2016) ("[A] *pro se* party may not pursue class claims."); *Garcia v. City of New York*, No. 15-cv-7470, 2017 WL 1169640, at *5 n.11 (S.D.N.Y. Mar. 28, 2017) (same); *Chapman v. U.S. Dep't of Just.*, 558 F. Supp. 3d 45, 49 (E.D.N.Y. 2021) (same) (dismissing class claims). Courts recognize this dual role presents "too close a relationship between the class representative

and class counsel[, rendering] a disqualifying conflict of interest." *Jaffe*, 2010 WL 691639, at *10

(striking class allegations where *pro se* attorney sought to serve both as class representative and

class counsel because plaintiff's "duty to represent class interests . . . impermissibly conflict[s]

with her chance to gain financially from an award of attorneys' fees.") (quoting *Matassarin v.*

*Lynch*, 174 F.3d 549, 559 (5th Cir. 1999) (holding that *pro se* plaintiff's "duty to represent class

interests would impermissibly conflict with her chance to gain financially from an award of

attorneys' fees")).  Because there is an inherent conflict of interest whenever an attorney attempts

to bring a class action *pro se*, "a *pro se* plaintiff may not bring an action in which he will serve as

both class representative and class counsel." *Id.* (citing *Rodriguez v. Eastman Kodak Co.*, 88 Fed.

App'x 470, 471 (2d Cir. 2004)).

     In assessing Mr. Xu's adequacy as counsel, the Court also may consider "disciplinary rules

governing lawyers in New York.'"  *Galloway*, 2022 WL 681065, at *3 (internal quotation

omitted).  As relevant, New York Rule of Professional Conduct 1.7 provides that a lawyer's

representation is subject to a disqualifying conflict of interest if:

> [A] reasonable lawyer would conclude that either: (1) the representation will
> involve the lawyer in representing differing interests; or (2) there is a significant
> risk that the lawyer's professional judgment on behalf of a client will be adversely
> affected by the lawyer's own financial, business, property or other personal
> interests.

*Id.* (quoting N.Y. R. Prof. Conduct 1.7(a)).  "An attorney has an actual, as opposed to a potential,

conflict of interest when, during the course of the representation, the attorney's and [the client's]

interests diverge with respect to a material factual or legal issue or to a course of action."  *GB*,

2019 WL 3330243, at *3 (quoting *United States v. Schwarz*, 283 F.3d 76, 91 (2d Cir. 2002));

*accord Kulig*, 2014 WL 5017817, at *3 ("The record before this Court raises significant questions

as to whether plaintiff's counsel understands his professional responsibilities to Ms. Kulig.").

Mr. Xu's attempt to serve as both lead plaintiff and class counsel in this action presents an inherent conflict of interest between his duty to represent class interests as lead plaintiff and his ability to gain financially as class counsel. *See Jaffe*, 2010 WL 691639, at *10. As such, the Court should disqualify Mr. Xu from serving as class counsel pursuant to its inherent authority to supervise counsel, *see Mura*, 2020 WL 2086039, at *6; *Hempstead Video*, 409 F.3d at 132, and the statutory authority in the PSLRA and Rule 23(g) requiring it "to protect the best interests of the class," *Okla. Firefighters*, 2021 WL 100491, at *2.

In addition to the inherent conflict of interest raised by his purporting to serve as both the lead plaintiff and class counsel, Mr. Xu should further be disqualified from serving as class counsel for the independently sufficient reason that he is incapable of "fairly and adequately representing the interests of the class." *See* Fed. R. Civ. P. 23(g)(4). On June 28, 2021, Mr. Xu sent a draft class action complaint to certain of the defendants, purporting to name the same defendants and asserting similar claims as in this action. *See* Brickl Aff. ¶ 2. He demanded a $1 billion payment in exchange for his agreement to not file the draft complaint and threatened to alert the media about his claims. *See id.* ¶ 3. Then, between July 6, 2021 and August 12, 2021, Direxion's outside counsel from K&L Gates LLP, had several conversations with Mr. Xu, during which he reduced his settlement demand to $500 million and made express that he intended to keep the entire settlement payment for himself. *See id.* ¶ 4-6.

This pre-lawsuit conduct is squarely "pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Kulig*, 2014 WL 5017817, at *3 ("Misconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification."); *Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 160 (S.D.N.Y. 2010) ("[I]n considering whether the proposed class counsels are adequate, the Court may consider

the honesty and integrity of the putative class counsels, as they will stand in a fiduciary relationship with the class"); *id.* at 160 n.15 (holding that "regardless of the qualifications of proposed class counsels . . . their misconduct . . . far outweighs any of their positive attributes" where plaintiff misrepresented information that her counsel "undoubtedly knew was false."); *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998) (plaintiff deemed unfit to represent class where his conduct created "serious concerns as to his credibility at any trial").  Regardless of intent, Mr. Xu's threat to commence a class action to extract a settlement for himself alone is more than sufficient grounds to disqualify him to protect the putative class.  Mr. Xu has demonstrated that he will not act in a fiduciary or ethical capacity in this litigation to pursue the best interests of the class, and the Court should exercise its inherent authority and statutory authority to disqualify him from serving as class counsel.

### III. <u>MR. XU IS NOT ADEQUATE TO SERVE AS CLASS COUNSEL FOR THE INDEPENDENTLY SUFFICIENT REASON THAT HE LACKS THE REQUISITE EXPERIENCE AND QUALIFICATIONS</u>

In addition, the Court should disqualify Mr. Xu from serving as class counsel for the independently sufficient reason that he is not qualified to serve as counsel in a federal securities class action lawsuit.

*First*, Mr. Xu should be disqualified because he is not experienced in class actions or federal securities litigation, *see* Fed. R. Civ. P. 23(g)(1); *Kimber*, 556 F. App'x at 28, and he does not appear to have familiarized himself with relevant federal securities law prior to filing this action.  The Second Circuit has held that inexperience and failure to familiarize oneself with legal authority is disqualifying.  In *Kimber*, the Second Circuit held that the District Court abused its discretion in appointing class counsel with "inexperience in litigating class actions or under the Federal Rules of Civil Procedure more generally (such as discovery requirements)" and that "lacked the resources necessary to litigate this case properly" – even though "the district court had

few options, or none" for appointing and retaining alternative class counsel.  556 F. App'x at 28

(cautioning that counsel's "lack of resources and its inexperience in federal class actions are

significant considerations").

Similarly, here, Mr. Xu (who appears to be a solo practitioner) does not appear to have ever

served as counsel in any securities action or any class action lawsuit.  *See* Roy Aff. ¶ 3 (search of

federal court and state trial court dockets on Lexis CourtLink revealed no record of Mr. Xu serving

as securities class counsel).  The undersigned identified Mr. Xu as appearing on the record as

counsel in only eight actions, including four uncontested matrimonial actions, one personal

bankruptcy action, one personal debt collection action, and two sealed actions.  *See id.*

In any event, Mr. Xu's complaint is rife with mistakes that demonstrate his lack of

experience, attention, or familiarity with the relevant substantive law.  *See Garcia De Leon*, 2022

WL 2237452, at *17 (denying appointment of class counsel where the complaint "contain[ed]

numerous deficiencies").  For example, Mr. Xu filed a complaint that purports to plead claims

under the Securities Act.  As counsel, Mr. Xu apparently is unaware that those claims are subject

to a one-year statute of limitations, *see* 15 U.S.C. § 77m, that runs from when the plaintiff, here

Mr. Xu himself, knew or should have known he had a claim, something he knew since at least July

2020, *see* Brickl Aff. ¶ 8.[3]  In addition, Mr. Xu, as counsel, drafted a complaint that lacks the

requisite specificity both as to the alleged misstatements and the defendants' supposed scienter.

*See, e.g.*, Compl. ¶ 247; *see also Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004).  Qualified

and experienced securities counsel would recognize that these vague and ambiguous allegations

---

[3] In a pre-suit affidavit provided to Direxion's outside counsel in July 2021, Mr. Xu concedes that
he was on notice of his alleged claims by at least July 2020.  *See* Brickl Aff. ¶ 8 (quoting Mr. Xu's
affidavit purporting to detail his transactions and losses in Direxion ETFs as well as the timing by
which Mr. Xu "started to suspect the Funds since . . . 7/31/2020 when gold price surpassed the
prior high and reached $1,944.2.").

fall well short of the heightened pleading standards imposed by the PSLRA and Rule 9(b). *See* 15

U.S.C. § 78u-4(b)(2)(A); Fed. R. Civ. P. 9(b); *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S.

308, 324 (2007). Furthermore, at the very top of the first page of the complaint, Mr. Xu

erroneously describes himself as "Petitioner-*Landlord*." Compl. at 1 (emphasis added). A putative

class in a securities class action deserves better than a cut-and-paste complaint.[4]

*Second*, Mr. Xu's conduct since filing this action further demonstrates that he is not

qualified to serve as class counsel. *See Huang v. Shanghai City Corp*, No. 19-cv-7702, 2022 WL

1468450, at *4, 19 (S.D.N.Y. May 10, 2022) (finding as an initial matter that counsel "[wa]s not

adequate" to serve as class counsel and holding that prior determination of inadequacy in action

where "counsel failed to respond adequately to court orders, counsel attempted to delay the trial,

and counsel indicated it only intended to call two class members as witnesses at trial" was also

issue-preclusive) (citing *Jin v. Shanghai Original, Inc.*, No. 16-cv-5633, 2019 WL 11816612

(E.D.N.Y. July 10, 2019)). In filing this action, Mr. Xu failed to take the basic step of providing

the required notice under the PSLRA within 20 days. *See King v. Livent, Inc.*, 36 F. Supp. 2d 187,

189–90 (S.D.N.Y. 1999) (denying motions for appointment as lead plaintiff and lead counsel for

failing to adhere to the publication requirements of the PSLRA). His attempt to rectify this error

was also defective, as it failed to comply with Rule 2(C) of the Court's Individual Practices in

Civil Cases. *See* ECF No. 73. The notice required by the PSLRA serves the important purpose of

notifying members of the putative class and providing them with the opportunity to move for

appointment as lead plaintiff. Indeed, "Congress intended the publication of a notice of filing an

action to enable interested class members to review the complaints and the qualifications of the

---

[4] Defendants reserve the right to assert all of these arguments, as well as additional arguments, in
a future motion to dismiss pursuant to Rule 12(b)(6).

putative lead plaintiff" so that they may "determine whether or not to seek appointment as a class representative." *King*, 36 F. Supp. 2d at 189–90.[5]

In failing to publish a timely notice of his lawsuit, Mr. Xu also undermined the Court's ability to meet its own obligations in the PSLRA. A plaintiff must publish this notice before the Court can fulfill its statutory obligation to "consider any motion made by a purported class member in response to the notice," and "appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Whether due to inexcusable oversight or a desire to avoid the possibility of other potential lead plaintiffs or class counsel coming forward, this basic failure casts a serious shadow on Mr. Xu's qualifications to continue as counsel in this putative class action lawsuit.

## IV.   THE COURT SHOULD NOT DELAY IN DISQUALIFYING MR. XU FROM SERVING AS CLASS COUNSEL

Under the circumstances presented by this case, the Court should exercise its discretion to disqualify Mr. Xu at this early stage of the litigation. As noted above, the Court's authority to disqualify Mr. Xu is based in its "inherent power to preserve the integrity of the adversary process," *Mura*, 2020 WL 2086039, at *6 (quoting *Hempstead Video*, 409 F.3d at 132), and it is firmly "committed to the sound discretion of the district court," *Cresswell*, 922 F.2d at 72. *See also In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 114 (S.D.N.Y. 2009) ("[D]espite the absence of explicit authorization under" the PSLRA or Rule 23, "courts have the 'ability to consider motions to

---

[5] Mr. Xu's procedural errors have not been limited to flouting the requirements of the PSLRA. For example, Mr. Xu filed a corporate disclosure statement pursuant to Rule 7.1 on behalf of himself, even though he is not a corporate party. *See* ECF No. 55. Mr. Xu also improperly requested that the Clerk of Court issue a certificate of default against defendants Direxion Shares ETF Trust and Rafferty Asset Management, LLC, despite failing to serve that request on Defendants. *See generally* ECF Nos. 60-62; *see also* ECF No. 67 (opposing Mr. Xu's Request for Clerk's Certificate of Default).

disqualify, remove, withdraw, substitute, and add lead plaintiffs throughout the litigation of a securities class action.'" (quoting *NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 132–33 (S.D.N.Y. 2007))).

In addition, disqualification is appropriate at this stage in the litigation to protect the interests of the class and to preserve judicial and party resources.  *See TufAmerica*, 2013 WL 1903867, at *6; *Anderson*, 2017 WL 4382163, at *4.  Disqualification of Mr. Xu now will effectively "call the question" of whether there is alternative counsel who is willing and at least potentially qualified to represent the class going forward.  In the event no such alternative counsel steps forward, there can be no reason for the Court and the parties to undertake the burden and expense of continued litigation of a putative class action that must necessarily fail for lack of adequate class counsel.

Accordingly, in order to put this case on a footing to best determine whether claims can viably be pursued on a class basis, Defendants respectfully submit that the Court should enter an order disqualifying Mr. Xu from serving as class counsel immediately.

## <u>CONCLUSION</u>

For the foregoing reasons, the Defendants respectfully request that the Court grant their motion to disqualify Plaintiff Lee Xu from serving as class counsel in this action.

Dated:  July 29, 2022

DAVIS WRIGHT TREMAINE LLP

/s/ James K. Goldfarb (on consent)
James K. Goldfarb
Cameron S. Matheson
1185 Avenue of the Americas
21st Floor
New York, NY 10036
Tel.: (212) 880-3999
*JamesGoldfarb@dwt.com*
*CameronMatheson@dwt.com*

*Attorneys for Defendant Foreside Fund
Services, LLC*

ROPES & GRAY LLP

/s/ Amy D. Roy
Robert A. Skinner (admitted *pro hac vice*)
Amy D. Roy (admitted *pro hac vice*)
Jessica M. Bergin (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Tel.:  (617) 951-7000
Fax:  (617) 951-7050
*robert.skinner@ropesgray.com*
*amy.roy@ropesgray.com*
*jessica.bergin@ropesgray.com*

Ethan R. Fitzgerald (N.Y. Reg. No. 5899919)
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 596-9000
*ethan.fitzgerald@ropesgray.com*

*Attorneys for Defendants Direxion Shares ETF
Trust, Rafferty Asset Management, LLC,
Direxion Family of Investment Companies,
Daniel O'Neill, Daniel J. Byrne, Gerald E.
Shanley III, Jacob C. Gaffey, Patrick J.
Rudnick, Angela Brickl, Todd Kellerman, Paul
Brigandi, Tony Ng, Michael Rafferty, Kathleen
Rafferty Hay, U.S. Bancorp Fund Services,
LLC, and Direxion Advisors, LLC*